IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HINTON TRAVEL INN, INC., an Oklahoma Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-291-C ) |
| WICHITA WAYNE, LLC, a Nevada Limited Liability Company, and DUSTAN SHEPHERD, an individual, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Hinton Travel Inn, Inc. ("HTI") brought suit against Defendants Wichita Wayne, LLC ("WW"), and Dustan Shepherd, WW's manager, asserting breaches of contract and fiduciary duty respectively. Presently, Plaintiff seeks summary judgment on all of its asserted claims as well as Defendants' counterclaims.

## I. BACKGROUND

For several years, Plaintiff HTI and Defendant WW attempted to negotiate the sale of Plaintiff's motel and real property in conjunction with the parties' venture to establish a casino. This venture ultimately failed despite the parties' continued efforts to reach agreement. However, during the span of several years, the parties executed numerous contracts and amendments to those contracts to reflect their changing positions.

On May 4, 2005, HTI and WW entered into the Fourth Amendment of Purchase and Sale and Option Agreement ("Fourth Amendment"), which extended the closing date of WW's purchase of HTI's motel to May 4, 2007. Donna Wright and Danny Wright are the sole shareholders and directors of HTI; Donna Wright also acts as HTI's Vice President. Both Donna and Danny Wright executed the agreements with WW on HTI's behalf. Under § 10.2 of the Fourth Amendment, HTI assigned the motel's operating revenues to Defendant WW in exchange for WW's assumption of motel management until the motel sale closed. Section 10.2 also made Defendant Dustan Shepherd President of HTI, in addition to his role as Manager of WW.

Thereafter, the parties executed two amendments that extended the closing date of the motel sale: On August 4, 2008, the parties executed the Eleventh Amendment to Purchase and Sale and Option Agreement ("Eleventh Amendment"), which extended the closing date and § 10.2 requirements to December 15, 2008; and, on December 15, 2008, the parties executed the Twelfth Amendment to Purchase and Sale and Option Agreement ("Twelfth Amendment"), which extended the closing date and § 10.2 requirements to December 31, 2010, on which Plaintiff currently bases its breach-of-contract claim.

Before the final extended closing date could be reached, however, it became clear that Defendant could no longer manage the motel and that the sale would never close. Consequently, on November 30, 2009, Defendant WW surrendered motel management back to HTI. And on March 25, 2010, Defendant WW executed a termination of contract wherein it acknowledged its contract for the purchase of Plaintiff's Tract 2 property was terminated

due to material default and released its rights to such property. (Pl.'s Br., Dkt. No. 45 Ex. 10.)

Presently, the parties dispute whether Defendant owes Plaintiff $151,470.14 in unpaid operating expenses incurred during the time period of WW's management of the motel. Plaintiff asserts that Defendants are obliged to pay this money pursuant to the Twelfth Amendment; Defendants counter that in April of 2010, Libby Wright—Donna and Danny Wright's daughter—and Dustan Shepherd reached an oral walk away agreement that discharged the parties' liabilities under the Twelfth Amendment. During Dustan Shepherd's management of the motel, Libby Wright assisted in the day-to-day operation of the motel. Libby Wright was also HTI's Assistant Secretary and a co-signer for HTI's operating expenses checking account.

## II.  STANDARD OF REVIEW

Summary judgment is proper if the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Under the summary judgment standard, a mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." Cooperman v. David, 214 F.3d 1162, 1164 (10th Cir. 2000). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citation omitted). A fact

is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A court considering a summary judgment motion must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000).

If a party does not sufficiently support its own asserted facts or address the other party's asserted fact, a court may allow "opportunity to properly support or address the fact; . . . consider the fact undisputed for purposes of the motion; . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or . . . issue any other appropriate order." Fed. R. Civ. P. 56(e).

### III.  DISCUSSION

Defendants do not dispute Plaintiff's proffered facts, but rather point to additional facts that, Defendants argue, establish a genuine dispute as to whether the parties agreed to a walk away agreement that erased previous debts owed under the Twelfth Amendment. Specifically, Defendants state that Libby Wright had apparent authority to bind HTI and agreed that WW would return operation of the hotel without payment of outstanding operating expenses. Plaintiff counters that Libby Wright had no apparent authority to so bind HTI because Defendants were aware of Libby Wright's limited authority. Additionally, Plaintiff argues that even if Libby Wright had authority to bind HTI, the walk away

agreement would not affect the parties' duties under the Twelfth Amendment both because it was not reduced to writing and lacked the requisite consideration.

Under Oklahoma law, an agent may bind a principal absent actual authority when apparent authority is found. "Three elements must exist before a third party can hold a principal liable for the acts of another on an apparent-agency principal: '(a) conduct of the principal [which would reasonably lead the third party to believe that the agent was authorized to act on behalf of the principal], (b) reliance thereon by [the] third person, and (c) change of position by the third party to his detriment.'" Sparks Bros. Drilling Co. v. Tex. Moran Exploration Co., 1991 OK 129, ¶ 17, 829 P.2d 951, 954 (quoting Rosser-Moon Furniture Co. v. Okla. State Bank, 1943 OK 89, ¶ 6, 135 P.2d 336, 338).

The agent's apparent authority is limited in scope to what "'is reasonable for the third person dealing with the agent to believe that the agent is authorized.'" Stephens v. Yamaha Motor Co., Ltd., Japan, 1981 OK 42, ¶ 8, 627 P.2d 439, 441 (quoting Restatement (Second) of Agency § 8 (1958)). Whether an agent has apparent authority is generally a question of fact; however, if the facts are such that no reasonable person could disagree, the inquiry can be made as a matter of law. Bridgeport Firemen's Sick & Death Benefit Ass'n v. Deseret Fed. Sav. & Loan Ass'n, 735 F.2d 383, 388 (10th Cir. 1984).

Defendants contend that Libby Wright had authority to bind HTI and modify the parties' agreement when she agreed with Mr. Shepherd that once the release documents were signed, "[that] was it[. N]o future redo's or . . . anything going on behind the scenes that [would] come back on [Defendant WW]." (Defs.' Br., Dkt. No. 47, at 4.) As a factual

5

dispute, Defendants point to the difference between Defendants' and Libby Wright's characterizations of her involvement. Libby describes her involvement as simply passing along information between Donna Wright and Defendant Shepherd and Mr. Stacy, while Defendants assert she acted in a more authoritative and participatory role. (Id. at 2.) This distinction, Defendants argue, creates a genuine issue of fact that precludes summary judgment.

As HTI's Assistant Secretary, Libby Wright did have authority to cosign checks for the motel's operating expenses, but her authority did not extend to binding HTI regarding its contract with WW. Cf. Walker Valley Oil & Gas Co. v. Parks & Palmer, 1928 OK 11, 262 P. 672 (finding that company president who was original contracting party had authority to orally modify written contract, which explicitly allowed oral modification). Nor was Libby Wright a signatory to any of the numerous written agreements reached between HTI and WW. Additionally, in HTI's bylaws, which were provided to WW, the assistant secretary's authority was limited and did not encompass the authority to contractually bind HTI. (Pl.'s Br., Dkt. No. 45 Ex. 5, at 13); see Bearden v. Smith, 1954 OK 237, ¶ 9, 274 P.2d 1015, 1017.

In light of the enumerated authority given Libby Wright in her role as Assistant Secretary and Defendants' knowledge thereof, Defendants' citation to Mr. Stacy's and Mr. Shepherd's testimony that Libby Wright accompanied Donna Wright to business meetings is not sufficient to establish apparent authority to alter the parties' previous agreements. (See Defs.' Br., Dkt. No. 47, at 4 ("Stacy and Mrs. Wright negotiated a profit sharing agreement under the Fourth Amendment. Before it was signed, he discussed it '[w]ith Donna. And

usually Libby was with us.'").)  Even if Libby had the requisite authority to bind Plaintiff, however, the oral modification of the parties' written agreement would not be sufficient.

Pursuant to § 10.5 of the parties' Purchase and Sale and Option Agreement, which the Fourth and Twelfth Amendments incorporate, the parties agreed that

> [t]his Agreement may be amended at any time in all respects, but only by an instrument in writing executed by Sellers and Buyer.  Either Buyer or Sellers may waive any requirement to be performed by the other, provided such waiver shall be in writing and executed by the party waiving the requirement.

(Pl.'s Br., Dkt. No. 45, at 13; id. Ex. 1, at 1 ("This Amendment shall be deemed to reinstate, amend and supplement that certain Purchase and Sale and Option Agreement between the parties dated effective as of September 29, 2004 . . . .").)  Additionally, pursuant to Oklahoma statute, "[a] contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."  15 Okla. Stat. § 237.  An oral agreement must be fully executed and proven by clear, positive, and convincing proof.  QuikTrip Corp. v. Abatement Sys., Inc., 2012 OK CIV APP 54, ¶ 34, ___ P.3d. ___ , ___ 2012 WL 1981716 (quoting Dewberry v. Univ. C.I.T. Credit Corp., 1966 OK 77, ¶ 10, 415 P.2d 978, 979). Defendants, as the parties asserting the oral modification, bear the burden of proof, which Defendants have not satisfied.

Defendants do not state what additional consideration was given for this new agreement and have not shown that material facts remain disputed regarding execution of the oral modification.  Watt Plumbing, Air Conditioning & Elec. Inc. v. Tulsa Rig, Reel & Mfg. Co., 1975 OK 42, ¶ 13, 533 P.2d 980, 983 ("It is axiomatic that by mutual assent parties to

an existing contract may subsequently enter into a valid contract to modify the former contract provided there is consideration for the new agreement."). Nor do Defendants argue that the contract language is ambiguous. Defendants agree they failed to pay operating expenses incurred during their management of the motel, as they were obligated to do under § 10.2. Defendants also agree that the walk away agreement was oral and not fully executed. Therefore, Defendants have not established that a material fact remains in dispute, and Plaintiff is entitled to summary judgment on its breach-of-contract claim and an award of $151,470.14 in damages—the amount of accrued unpaid operating expenses.

Plaintiff also moved for summary judgment on Defendants' asserted counterclaim of fraudulent misrepresentation. Plaintiff asserts that Defendants' counterclaim is barred by the statute of limitations and that Defendants have waived this claim. In their Answer, Defendants claim that in April of 2005—before Defendants took over management of the motel—Plaintiff misrepresented the motel's operating expenses and revenues. Defendants admit they became aware of the alleged falsity of these statements one year after they began operating the motel—five years before asserting their counterclaim. Additionally, Plaintiff points to Defendants' continued affirmation of their obligations under the agreement as evidence of Defendants' waiver of their fraud claim; since discovering this alleged misrepresentation, Defendants reaffirmed their obligation to pay the motel's operating expenses twice, in both the Eleventh and Twelfth Amendments. (Pl.'s Br., Dkt. No. 45, at 24.)

In light of Defendants' failure to respond to this charge, Plaintiff's factual assertions are deemed admitted. Because Defendants admit that they continued to extend the agreement after they became aware of the actual operating costs and waived the fraud, Plaintiff is entitled to summary judgment on Defendants' fraud counterclaim. See LCvR56.1(c) ("All material facts set forth in the statement of the material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."); Steiger v. Commerce Acceptance of Okla. City, Inc., 1969 OK 78, 455 P.2d 81, 83 (stating that a defrauded party who discovers the fraud but continues to contract with the defrauder has condoned the conduct and waived the fraud).

Finally, Plaintiff seeks summary judgment regarding its claim of breach of fiduciary duty against Defendant Shepherd. Specifically, Plaintiff claims Defendant Shepherd violated his duty to HTI, as its president, by failing to pay the motel's operating costs and diverting revenues to prevent further monetary loss to WW at HTI's expense. However, beyond a general statement that Mr. Shepherd decided to "'stop losing money,'" Plaintiff cites to no supporting documents for this contention and, therefore, has failed to carry its burden that summary judgment is appropriate on this claim. (Pl.'s Br., Dkt. No. 45, at 25).

## IV.  CONCLUSION

For the above stated reasons, Plaintiff, Hinton Travel Inn, Inc.'s Motion for Summary Judgment (Dkt. No. 45) is GRANTED regarding Plaintiff's breach-of-contract claim and

DENIED as to Plaintiff's claim of breach of fiduciary duty; a judgment will enter accordingly at the conclusion of the case.

IT IS SO ORDERED this 9th day of July, 2012.

ROBIN J. CAUTHRON
United States District Judge